THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* ROLAND BURRIS, Plaintiff-Appellant, v. BERNICE BOEGER, Indiv. and as Ex'r of the Estate of Harvey Boeger, Defendant-Appellee.

Second District No. 2—93—0803

Opinion filed September 7, 1994.

Roland W. Burris, Attorney General, of Chicago (Brian F. Barov, Assistant Attorney General, of counsel), for appellant

No brief filed for appellee.

JUSTICE COLWELL delivered the opinion of the court:

The plaintiff, the People of the State of Illinois *ex rel.* Roland Burris, the Attorney General of the State of Illinois (the State),

appeals from the orders of the circuit court of Du Page County granting the defendant's motion for summary judgment and denying the State's motion for summary judgment. We reverse.

On March 11, 1988, the estate of Harvey Boeger (the Estate) filed a timely estate tax return and paid the State tax of $345,153. An Internal Revenue Service (IRS) audit of the Estate's tax return revealed that an additional tax was due both the IRS in the amount of $50,258.96 and the State in the amount of $12,851.59. On August 9, 1990, pursuant to the audit and a report of estate tax examination changes, the Estate signed an IRS Form 890 waiver of restrictions on assessment and collection of deficiency and acceptance of overassessment—estate and gift tax (the acceptance of the overassessment). However, the report of estate tax examination changes showed that no penalties had been assessed against the Estate for the late filing or late payment of any taxes by the Estate.

On November 6, 1991, the State filed a complaint to collect amounts due under the Illinois Estate and Generation-Skipping Transfer Tax Act (the Act) (35 ILCS 405/1 through 18 (West 1992)) against the defendant, Bernice Boeger, both personally and as executor of the estate of Harvey Boeger. The complaint alleged that, on May 8, 1991, the State had made a request to the Estate to file a supplemental tax return and pay the additional tax of $12,851.59, and that, as of the date of the filing of the complaint, the additional tax due had not been paid. The complaint sought judgment in the amount of $12,851.59 plus interest and penalties as provided by the Act.

The Estate filed its answer and admitted that an additional tax was due in the amount of $12,851.59. The Estate alleged that, on May 15, 1992, it paid the amount due and attached a copy of the treasurer's receipt as an exhibit to the answer showing that the tax had been paid. The Estate requested that the complaint be dismissed.

The State filed a motion for summary judgment to collect interest and penalties on the additional tax due. In response to the motion for summary judgment, the Estate set forth facts showing that on May 15, 1992, it paid the additional tax and that on November 16, 1992, it filed the supplemental return and paid the interest on the additional tax. The Estate argued: (1) that the IRS waived penalties by not assessing any penalties for the late filing or late payment by the Estate of any taxes; and (2) that this waiver constituted reasonable cause within the meaning of section 8(d)(1) of the Act (35 ILCS 405/8(d)(1) (West 1992)) for the late filing of the supplemental State return and the late payment of the additional State taxes due.

On January 13, 1993, the circuit court held a hearing on the

State's motion for summary judgment. On February 9, 1993, the circuit court issued a letter ruling denying the State's motion for summary judgment and stating in relevant part:

> "The Court is convinced that Exhibit A [Department of the Treasury—Internal Revenue Service REPORT OF ESTATE TAX EXAMINATION CHANGES] to Defendant's Answers to the Motion for Summary Judgment constitutes a tacit waiver of penalty and therefore constitutes '... reasonable cause ...' as referred to and cited in Defendant's Answer.
>
> The Plaintiff's Motion for Summary Judgment is therefore denied and prevailing counsel must prepare an order so reflecting."

On March 29, 1993, the Estate submitted a written order denying the State's motion for summary judgment. On that same date, the Estate filed its own motion for summary judgment. The Estate argued that there was no genuine issue of material fact, that the letter opinion of February 9, 1993, was the rule of the case, and that the letter should govern the ultimate disposition of the only issue in question—the waiver of penalties.

On April 13, 1993, the State filed a motion to reconsider the circuit court's denial of its motion for summary judgment and a memorandum in support of its motion to reconsider and in opposition to the Estate's motion for summary judgment. On May 27, 1993, the circuit court heard argument on the Estate's motion for summary judgment and the State's motion to reconsider. On June 1, 1993, two orders were entered by the circuit court; one granted the Estate's motion for summary judgment, and the other denied the State's motion for summary judgment.

On June 4, 1993, the circuit court entered an order by mail, denying the State's motion for reconsideration and again granting the Estate's motion for summary judgment. On June 30, 1993, the State filed a timely notice of appeal by mail from the orders of June 1, 1993, and June 4, 1993.

Although no appellee's brief has been submitted, we decide this appeal under the guidelines established in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

The State's first argument on appeal is that the circuit court erred in construing the nonassessment of penalties by the IRS as a waiver of penalties and granting the Estate's motion for summary judgment. The State argues that no penalties were assessed by the IRS because no penalties were available to be assessed by the IRS at the time of the acceptance of the report of estate tax examination changes. The State argues that the nonassessment of penalties by the

IRS should not be considered a waiver of penalties for purposes of the State return.

■ The Act specifies that, generally, the due date for filing the State return or paying the State tax is the due date or dates for filing the related Federal return. (35 ILCS 405/6 (West 1992).) However, section 7 of the Act (35 ILCS 405/7 (West 1992)) places an affirmative duty on the taxpayer to file a supplemental Illinois transfer tax return and pay additional tax where the State tax credit is increased after the filing of the Illinois transfer tax return. Under section 7 of the Act, the due date for the filing of the supplemental return and paying the additional tax is three months after the earliest of: (1) the date an amended related Federal return is filed; (2) the date an increase in the Federal transfer tax is paid or accepted in writing; or (3) the date the IRS issues a request for evidence of payment of the State tax credit.

In the present case, the State tax credit was increased by the acceptance of the overassessment. Therefore, the Estate had a duty to file a supplemental return and pay the additional tax. (See 35 ILCS 405/7 (West 1992).) The Estate admitted in its answer to the State's motion for summary judgment that it paid the additional tax due the IRS at the time the amount due was settled with the IRS. At the latest, this would have been on August 9, 1990, when the acceptance of the overassessment was signed. Therefore, the additional tax was due the State by November 9, 1990. See 35 ILCS 405/7 (West 1992).

Section 8 of the Act (35 ILCS 405/8 (West 1992)) provides in relevant part:

"(a) Failure to file return. In case of failure to file any return required under this Act with the Attorney General by the due date, unless it is shown that the failure to file is due to a reasonable cause, there shall be added to the amount required to be shown as tax on the return 5% of the amount of that tax (or 5% of the additional tax due in the case of a supplemental return) if the failure is for not more than one month from the due date, with an additional 5% for each additional month or fraction of a month thereafter during which the failure to file continues, not exceeding in the aggregate 25% of the tax or, in the case of a supplemental return, 25% of the additional tax.

(b) Failure to pay tax. In the case of failure to pay the amount of tax shown due on any return required under this Act on or before the due date for payment of that tax, unless it is shown that the failure to pay is due to reasonable cause, there shall be added to the unpaid amount of the tax 0.5% of that unpaid amount if the failure is for not more than one month from the due date, with an additional 0.5% for each additional month or

fraction of a month thereafter during which the failure to pay continues, not exceeding in the aggregate 25% of the unpaid amount.

\* \* \*

(d) Waiver of Penalties.

(1) Internal Revenue Service Waiver. If the Internal Revenue Service waives the penalty provided in the Internal Revenue Code for failure to timely file the related federal return or the penalty for failure to timely pay the related federal transfer tax liability, such waiver or waivers shall be deemed to constitute reasonable cause for purposes of this Section." 35 ILCS 405/8 (West 1992).

■ Since the additional tax was not paid until May 15, 1992, and the supplemental return was not filed until November 16, 1992, the maximum penalties were due unless the failure to pay the tax and file the supplemental return were due to a reasonable cause. (See 35 ILCS 405/8 (West 1992).) The Estate argued in the trial court that the IRS's failure to assess any penalties on the report of tax examination changes of August 9, 1990, was a waiver of penalties for the late filing and payment of the additional taxes and that this constituted reasonable cause under section 8(d)(1) of the Act quoted above. See 35 ILCS 405/8(d)(1) (West 1992).

However, the Estate admitted that it paid the IRS its additional tax due at the time of the report of tax examination changes. Therefore, the IRS could not have assessed any penalties at that time for late payment. Moreover, the record does not indicate that the IRS could have ever assessed any penalties against the Estate. Therefore, there was no penalty for the related Federal tax within the meaning of section 8(d)(1) of the Act. Since there was no penalty for the related Federal tax, the nonassessment of penalties in the report of tax examination changes was not a waiver of that penalty under section 8(d)(1) of the Act and did not constitute reasonable cause for purposes of section 8 of the Act; it was merely a statement that no penalties were applicable.

Summary judgment is proper where the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (735 ILCS 5/2—1005(c) (West 1992).) We find as a matter of law that the nonassessment of penalties by the IRS was not a waiver of penalties and that it did not constitute reasonable cause for purposes of section 8 of the Act.

The State's next argument on appeal is that the trial court erred

in denying its motion for summary judgment. The Estate admitted that the additional tax was due the State. Section 7 of the Act required the Estate to file the supplemental return and pay the additional tax within three months after the date the additional Federal tax was paid. (See 35 ILCS 405/7 (West 1992).) After that date, the State could assess penalties for the failure to file the supplemental return and pay the additional tax unless the failure was due to a reasonable cause. (35 ILCS 405/8 (West 1992).) The Estate has not submitted an appellate brief. Moreover, the only assertion in the Estate's answer to the State's motion for summary judgment that could constitute reasonable cause was that the nonassessment of penalties by the IRS constituted a waiver of penalties and reasonable cause within the meaning of section 8(d)(1) of the Act. Since we have found that the nonassessment of penalties was not a waiver of penalties and that it did not constitute reasonable cause, we find that the defendant has not raised any genuine issue of material fact and that the State is therefore entitled to judgment as a matter of law. See 735 ILCS 5/2—1005(c) (West 1992).

For the foregoing reasons, we reverse the orders of the circuit court of Du Page County granting the defendant's motion for summary judgment and denying the State's motion for summary judgment. We remand to the circuit court for a calculation as to the dollar amount due the appellant at this time and for entry of the appropriate judgment.

Reversed.

WOODWARD and BOWMAN, JJ., concur.